## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

WILLIE C. LOVELACE                                              PLAINTIFF

V.                              No. 4:22-CV-00425-KGB-JTR

CLARK, Sergeant, Pulaski County
Detention Facility, *et al*.                                   DEFENDANTS


JERRY W. WEST                                                  PLAINTIFF

V.                              No. 4:22-CV-00426-KGB-JTR

CLARK, Sergeant, Pulaski County
Detention Facility, *et al*.                                   DEFENDANTS


JERRY YORK                                                    PLAINTIFF

V.                              No. 4:22-CV-00429-KGB-JTR

CLARK, Sergeant, Pulaski County
Detention Facility, *et al*.                                   DEFENDANTS


GEORGE E. KEY, JR.                                            PLAINTIFF

V.                              No. 4:22-CV-00507-KGB-JTR

CLARK, Sergeant, Pulaski County
Detention Facility, *et al*.                                   DEFENDANTS

BILLY R. SANDERS                                                    PLAINTIFF

V.                              No. 4:22-CV-00510-KGB-JTR

CLARK, Sergeant, Pulaski County
Detention Facility, *et al*.                                       DEFENDANTS


ELIGAH KAUFMAN                                                      PLAINTIFF

V.                              No. 4:22-CV-00513-KGB-JTR

CLARK, Sergeant, Pulaski County
Detention Facility, *et al*.                                       DEFENDANTS


BRANDON SMITH                                                       PLAINTIFF

V.                              No. 4:22-CV-00514-KGB-JTR

CLARK, Sergeant, Pulaski County
Detention Facility, *et al*.                                       DEFENDANTS


## **ORDER**

### **A. Consolidation**

#### **1.  The Lovelace Complaint**

On May 10, 2022, Plaintiff Willie C. Lovelace ("Lovelace") and 19 other

inmates[1] in the Pulaski County Regional Detention Facility ("PCRDF") jointly filed

---

[1] Jerry W. West ("West"), Xavion Omoware ("Omorware"), Jerry York ("York"), Brian
Allen ("Allen"), Timothy D. Counts ("Counts"), Roderick D. Maxwell ("Maxwell"), Donald
Slusher ("Slusher"), Daniel Owen ("Owen"), Montrell Burns ("Burns"), Charles Horton
("Horton"), Quincy Harris ("Harris"), Christopher Otis ("Otis"), Derrick Conley ("D. Conley"),

a single *pro se* § 1983 Complaint (hereinafter the "Lovelace Complaint") alleging that numerous PCRDF Defendants were subjecting them to unconstitutional conditions of confinement. *Doc. 1*. In accordance with the Court's general practice, the Clerk severed the Lovelace Complaint into 20 individual § 1983 cases.[2]

On May 13, 2022, the Court directed the Clerk to send each of the 20 Lovelace Plaintiffs an Application to Proceed *In Forma Pauperis* ("IFP Application"), and they were each given thirty (30) days to either pay the $402 filing fee or submit the completed IFP Application. *Doc. 2*. Plaintiffs Lovelace, West, York, and Burns complied with the May 13 Order and were each granted IFP status.[3] The lawsuits of the other 16 Lovelace Plaintiffs were subsequently dismissed, without prejudice, for failure to prosecute.[4]

---

Adrian Jimenez ("Jimenez"), Antwan Conley ("A. Conley"), Reginald Crusterson ("Crusterson"), Jobani Rodriguez ("Rodriguez"), Pedro Ramirez ("Ramirez"), and Travion Hamilton ("Hamilton").

[2] *See* Case Nos. 4:22-cv-00425-KGB-JTR through 4:22-cv-00444-KGB-JTR.

[3] *See Lovelace v. Clark, et al.*, Case No. 4:22-cv-00425-KGB-JTR, *Doc. 6*; *West v. Clark, et al.*, Case No. 4:22-cv-00426-KGB-JTR, *Doc. 5*; *York v. Clark, et al.*, Case No. 4:22-cv-00429-KGB-JTR, *Doc. 5*; and *Burns v. Clark, et al.*, Case No. 4:22-cv-00434-KGB-JTR, *Doc. 4*.

[4] *See Omoware v. Clark, et al.*, Case No. 4:22-cv-00427-KGB, *Doc. 7*; *Allen v. Clark, et al.*, Case No. 4:22-cv-00428-KGB, *Doc. 9*; *Counts v. Clark, et al.*, Case No. 4:22-cv-00430-KGB, *Doc. 6*; *Maxwell v. Clark, et al.*, Case No. 4:22-cv-00431-KGB, *Doc. 11*; *Slusher v. Clark, et al.*, Case No. 4:22-cv-00432-KGB, *Doc. 4*; *Owen v. Clark, et al.*, Case No. 4:22-cv-00433-KGB, *Doc. 9*; *Horton v. Clark, et al.*, Case No. 4:22-cv-00427-KGB, *Doc. 4*; *Harris v. Clark, et al.*, Case No. 4:22-cv-00427-KGB, *Doc. 4*; *Otis v. Clark, et al.*, Case No. 4:22-cv-00427-KGB, *Doc. 4*; *D. Conley v. Clark, et al.*, Case No. 4:22-cv-00438-KGB, *Doc. 9*; *Jimenez v. Clark, et al.*, Case No. 4:22-cv-00427-KGB, *Doc. 4*; *A. Conley v. Clark, et al.*, Case No. 4:22-cv-00440-KGB, *Doc. 4*; *Crusterson v. Clark, et al.*, Case No. 4:22-cv-00441-KGB, *Doc. 9*; *Rodriguez v. Clark, et al.*, Case No. 4:22-cv-00442, *Doc. 7*; *Ramirez v. Clark, et al.*, Case No. 4:22-cv-00443, *Doc. 4*; and *Hamilton v. Clark, et al.*, Case No. 4:22-cv-00444, *Doc. 4*.

### 2.  The Key Complaint

Meanwhile, on May 27, 2022, a separate joint Complaint was filed by George E. Key, Jr. ("Key") and seven additional PCRDF inmates[5] (hereinafter the "Key Complaint") asserting the same conditions of confinement claims alleged in the Lovelace Complaint. *See Key v. Clark, et al.*, Case No. 4:22-cv-507-KGB-JTR, *Doc. 2*. The Clerk likewise severed the Key Complaint into separate § 1983 cases,[6] and, on June 6, 2022, the Key Plaintiffs were given thirty (30) days to either pay the $402 filing fee or submit a completed IFP Application. *See, e.g.*, Case No. 4:22-cv-00508-KGB-JTR, *Doc. 2*. Plaintiffs Key, Sanders, Bush, Kaufman, and Smith were each granted IFP status,[7] but the remaining Key Plaintiffs did not comply with the June 6 Order, and their cases have been recommended for dismissal.[8]

On June 29, 2022, the Court screened[9] the claims in the Lovelace and Key Complaints, noted several deficiencies in each, and directed each of the remaining Plaintiffs—Lovelace, West, York, Burns, Key, Sanders, Bush, Kaufman, and

---

[5] Joseph Barnhart ("Barnhart"), Trevet R. Yuille, Sr. ("Yuille"), Eligah Kaufman ("Kaufman"), Brandon Smith ("Smith"), Billy R. Sanders ("Sanders"), Stanley L. Bush ("Bush"), and Nelson Frazier ("Frazier").

[6] *See* Case Nos. 4:22-cv-00507-KGB-JTR through 4:22-cv-515-KGB-JTR.

[7] *See Key v. Clark, et al.*, Case No. 4:22-cv-00507-KGB-JTR (*Doc. 3*); *Sanders v. Clark, et al.*, Case No. 4:22-cv-00510-KGB-JTR (*Doc. 5*); *Bush v. Clark, et al.*, Case No. 4:22-cv-00511-KGB-JTR (*Doc. 5*); *Kaufman v. Clark, et al.*, Case No. 4:22-cv-00513-KGB-JTR (*Doc. 3*); *Smith v. Clark, et al.*, Case No. 4:22-cv-00514-KGB-JTR (*Doc. 5*).

[8] *See Barnhart v. Clark, et al.*, Case No. 22-cv-00510-KGB-JTR

[9] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) & (b).

Smith—to file an Amended Complaint, within thirty (30) days, to correct the deficiencies.[10] Importantly, these Orders cautioned each Plaintiff that if an Amended Complaint was not timely filed, the Court would proceed to screen the Complaint, which would likely result in it being dismissed, without prejudice.

Plaintiffs Lovelace, West, York, Key, Kaufman, and Smith each filed an Amended Complaint asserting the same conditions of confinement claims against the same PCRDF officers, with Lovelace also asserting an inadequate medical care claim.[11] Because each of these actions involve common questions of law and facts, the Court *sua sponte* consolidates the cases of Lovelace, West, York, Burns, Key, Kaufman, and Smith (hereinafter collectively referred to as "Consolidated Plaintiffs") going forward.[12] *See* Fed. R. Civ. P. 42(a)(2) (actions may be consolidated if they "involve a common question of law or fact").

---

[10] *See Lovelace v. Clark, et al.*, Case No. 4:22-cv-00425-KGB-JTR, *Doc. 7*; *West v. Clark, et al.*, Case No. 4:22-cv-00426-KGB-JTR, *Doc. 6*; *York v. Clark, et al.*, Case No. 4:22-cv-00429-KGB-JTR, *Doc. 6*; and *Burns v. Clark, et al.*, Case No. 4:22-cv-00434-KGB-JTR, *Doc. 5*; *Key v. Clark, et al.*, Case No. 4:22-cv-00507-KGB-JTR (*Doc. 5*); *Sanders v. Clark, et al.*, Case No. 4:22-cv-00510-KGB-JTR (*Doc. 6*); *Bush v. Clark, et al.*, Case No. 4:22-cv-00511-KGB-JTR (*Doc. 5*); *Kaufman v. Clark, et al.*, Case No. 4:22-cv-00513-KGB-JTR (*Doc. 3*); *Smith v. Clark, et al.*, Case No. 4:22-cv-00514-KGB-JTR (*Doc. 5*).

[11] *See Lovelace*, *Docs. 8-9*; *West*, *Doc. 7*; *York*, *Doc. 7*; *Key*, *Doc. 6*; *Sanders*, *Doc. 6*; *Kaufman*, *Doc. 7*; *Smith*, *Doc. 7*.

Plaintiff Burns purported to file an Amended Complaint, but it was merely a shell that left the "statement of claim" section completely blank and did not otherwise contain *any* factual allegations. *See Burns*, *Doc. 6*. Similarly, Plaintiff Bush did not file an Amended Complaint. Thus, in accordance with the June 29 Orders (*Burns*, *Doc. 5*; *Bush*, *Doc. 6*), the Court will issue separate Recommendations in those individual cases screening the claims in their original Complaints.

[12] *Lovelace v. Clark, et al.*, Case No. 4:22-cv-00425-KGB-JTR; *West v. Clark, et al.*, Case No. 4:22-cv-00426-KGB-JTR; *York v. Clark, et al.*, Case No. 4:22-cv-00429-KGB-JTR; *Key v. Clark, et al.*, Case No. 4:22-cv-00507-KGB-JTR; *Sanders v. Clark, et al.*, Case No. 4:22-cv-

However, before the Consolidated Plaintiffs may proceed with this action, the Court must screen their amended claims.[13]

## B. Screening

At the time they initiated this action, the Consolidated Plaintiffs were each pretrial detainees housed in the Q Unit of the PCRDF.[14] They allege that, for numerous days during March, April, and May of 2022, the "link door" between the P and Q Units was intentionally left open, and a single PCRDF officer was responsible for overseeing both units, consisting of 181 total inmates.

According to the Consolidated Plaintiffs, because a single officer cannot properly supervise 181 inmates, when the link door is left open for a single guard to oversee both units, they are required to remain locked down in their cell, often for several days at a time, without any access to showers, recreation time, the law library, the kiosk, phones, and mail (including an inability to contact counsel), in violation of their constitutional rights.

The Consolidated Plaintiffs allege the Defendants—PCRDF Correctional Officers Anderson, Smith, Koontz, James, Grant, Jones, Knight, and Park, as well as Sergeant Clark ("Clark"), Sergeant Hill ("Hill"), and Lieutenant Atwood—have

---

00510-KGB-JTR; *Kaufman v. Clark, et al.*, Case No. 4:22-cv-00513-KGB-JTR; and *Smith v. Clark, et al.*, Case No. 4:22-cv-00514-KGB-JTR.

[13] *See* 28 U.S.C. § 1915A.

[14] Plaintiff Kaufman is now a convicted prisoner incarcerated in the Arkansas Division of Correction's Ouachita River Unit. *See Kaufman*, *Doc. 8.*

each required them to remain locked down for several consecutive days, with a five-day lock-down being the longest such span, but they allege they are often subjected to repeated lock-downs of two, three, and four days at a time.

Additionally, the Consolidated Plaintiffs allege that during these times when they are kept locked down with one officer overseeing both units, their lives are in danger because the lone guard cannot promptly respond to medical emergencies or other unexpected events. For example, the Consolidated Plaintiffs allege that, on April 10, 2022, a Q-Unit inmate had a medical emergency while Defendant Jones—the only guard overseeing the P and Q Unites for that shift—was in the P-Unit. Despite several Q-Unit inmates yelling and banging on their cells, the Consolidated Plaintiffs allege that Jones did not return to the Q-Unit until several hours later, by which time the subject inmate had died. Similarly, Plaintiff Lovelace alleges he had severe allergic reactions to medicine, on March 13 and 14, 2022, and each time it took his cellmate (Plaintiff West) yelling for approximately three hours for him to receive medical attention.

The Consolidated Plaintiffs have sued Defendants in both their individual and official capacities, and seek monetary damages, to have the Defendants reprimanded, and to have the link doors closed permanently. *Id. at 7.*

### 1.  The Consolidated Plaintiffs' Conditions of Confinement Claims

Because the Consolidated Plaintiffs are pretrial detainees, their claims are analyzed under the Fourteenth Amendment rather than the Eighth Amendment. *Stickley v. Byrd*, 703 F.3d 421, 423 (8th Cir. 2013). As pretrial detainees, they are "entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment. *Id*. (quoting *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003)). "Under the Fourteenth Amendment, a pretrial detainee's constitutional rights are violated if the detainee's conditions of confinement amount to punishment." *Morris v Zefferi*, 601 F.3d 805, 809 (8th Cir. 2012).

In order to state a viable conditions of confinement claim, a pretrial detainee must allege that:  (1) objectively, the deprivation was sufficiently serious to deprive him of the minimal civilized measures of life's necessities, or to constitute a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the deprivation. *See Davis v. Oregon County, Mo.*, 607 F.3d 543, 548-49 (8th Cir. 2010); *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004).

*For screening purposes only*, Lovelace, West, York, Key, Sanders, and Kaufman have asserted plausible conditions of confinement claims against Defendants Anderson, Smith, Koontz, James, Grant, Jones, Knight, and Park, Clark Hill, and Atwood, and therefore, they may proceed with their conditions of

8

confinement claims. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (Pretrial detainees must be provided with "reasonably adequate sanitation [and] personal hygiene … privileges.") (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)); *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (a constitutional violation exists if prison officials are deliberately indifferent to an inmate's exercise needs); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (prison officials must "provide humane conditions of confinement," which includes "tak[ing] reasonable measures to guarantee the safety of the inmates").

### 2.   Lovelace's Inadequate Medical Care Claims

Lovelace alleges that, on March 13, 2022, he had a severe allergic reaction to medication, which caused his blood pressure to spike, rendered him unable to talk, and produced a panic attack, along with other complications, but he was not given any medical attention until three to four hours later because the responsible guard, Defendant Officer Smith, ignored his cellmate's repeated calls for help. *Lovelace*, Case No. 4:22-cv-00425-KGB-JTR, *Doc. 8 at 6-7*. When he finally received medical attention, three to four hours later, Lovelace alleges his condition necessitated him being transported to the hospital for treatment. *Id. at 7*.

The next day, March 14, 2022, Lovelace alleges he suffered another allergic reaction to medication, and it again took his cellmate "hollering medical emergency

for 3 hours" for the lone guard—Defendant Officer Koontz—to check on him. Then "it took another hour [for Lovelace to receive] medication to stop [the] reaction." *Id*.

*For screening purposes only*, Lovelace may proceed with his inadequate medical care claims against Defendants Smith and Koontz for their delayed response to his medical needs.

IT IS THEREFORE ORDERED THAT:

1.      The actions of Lovelace, West, York, Key, Sanders, Kaufman, and Smith actions are hereby CONSOLIDATED.[15]

2.      The Clerk is directed to DESIGNATE *Lovelace v. Clark, et al.*, Case No. 4:22-cv-00425-KGB-JTR as the lead case, with all future pleadings and papers to be filed only in that case.

3.      The Clerk is further directed to FILE a copy of this Order in *West v. Clark, et al.*, Case No. 4:22-cv-00426-KGB-JTR; *York v. Clark, et al.*, Case No. 4:22-cv-00429-KGB-JTR; *Key v. Clark, et al.*, Case No. 4:22-cv-00507-KGB-JTR; *Sanders v. Clark, et al.*, Case No. 4:22-cv-00510-KGB-JTR; *Kaufman v. Clark, et al.*, Case No. 4:22-cv-00513-KGB-JTR; and *Smith v. Clark, et al.*, Case No. 4:22-cv-00514-KGB-JTR.

---

[15] *Lovelace v. Clark, et al.*, Case No. 4:22-cv-00425-KGB-JTR; *West v. Clark, et al.*, Case No. 4:22-cv-00426-KGB-JTR; *York v. Clark, et al.*, Case No. 4:22-cv-00429-KGB-JTR; *Key v. Clark, et al.*, Case No. 4:22-cv-00507-KGB-JTR; *Sanders v. Clark, et al.*, Case No. 4:22-cv-00510-KGB-JTR; *Kaufman v. Clark, et al.*, Case No. 4:22-cv-00513-KGB-JTR; and *Smith v. Clark, et al.*, Case No. 4:22-cv-00514-KGB-JTR.

4.      The Consolidated Plaintiffs Lovelace, West, York, Key, Sanders, Kaufman, and Smith are ALLOWED TO PROCEED with their conditions of confinement claims against Defendants Officer Anderson, Officer Smith, Officer Koontz, Officer James, Officer Grant, Officer Jones, Officer Knight, Officer Park, Sergeant Clark, Sergeant Hill, and Lieutenant Atwood.

5.      Lovelace is ALLOWED TO PROCEED with his inadequate medical care claims against Defendants Officer Smith and Officer Koontz.

6.      The Clerk is DIRECTED to issue summonses for Defendants Officer Anderson, Officer Smith, Officer Koontz, Officer James, Officer Grant, Officer Jones, Officer Knight, Officer Park, Sergeant Clark, Sergeant Hill, and Lieutenant Atwood. The United States Marshall is DIRECTED to serve the summonses, Amended Complaints,[16] and this Order on each of the Defendants at the Pulaski County Regional Detention Facility, without prepayment of fees or costs.[17]

IT IS SO ORDERED this 31st day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[16] *Lovelace v. Clark, et al.*, Case No. 4:22-cv-00425-KGB-JTR, *Docs. 8-9*; *West v. Clark, et al.*, Case No. 4:22-cv-00426-KGB-JTR, *Doc. 7*; *York v. Clark, et al.*, Case No. 4:22-cv-00429-KGB-JTR, *Doc. 7*; *Key v. Clark, et al.*, Case No. 4:22-cv-00507-KGB-JTR, *Doc. 6*; *Sanders v. Clark, et al.*, Case No. 4:22-cv-00510-KGB-JTR, *Doc. 6*; *Kaufman v. Clark, et al.*, Case No. 4:22-cv-00513-KGB-JTR, *Doc. 7*; *Smith v. Clark, et al.*, Case No. 4:22-cv-00514-KGB-JTR, *Doc. 7*.

[17] If any Defendant is no longer a Pulaski County employee, the individual responding to service must provide a sealed statement with the unserved Defendant's last known mailing address.